MULFORD *v.* THE STATE OF OHIO.

*Criminal law—Justice or mayor to enter judgment, when—Section 10378, General Code—Validity of sentence of imprisonment—Section 13717, General Code—Failure to include credit during commitment.*

1. Section 10378, General Code, providing that when the trial is by a justice judgment must be entered within a certain time, is applicable to mayors of villages, but does not apply to a case where the accused pleads guilty and no trial is had.

2. A sentence pronounced by a mayor of a village that the defendant pay a certain fine and costs and be committed to jail until same are paid, unless sooner discharged according to law, is not in conformity with Section 13717, General Code, providing that the prisoner shall be given a credit of sixty cents per day, and is erroneous.

(Decided December 4, 1922.)

ERROR: Court of Appeals for Warren county.

*Messrs. Gusweiler, Fox, Freer, Lambert & Davies* and *Mr. W. C. Thompson,* for plaintiff in error.

*Mr. Chester Maple* and *Mr. F. M. Cunningham,* for defendant in error.

BY THE COURT. Lester Mulford was arrested on August 1, 1922, under Section 6212-18, General Code, for a violation of the prohibition laws of the state of Ohio.

On August 2, he appeared before the mayor of the village of Lebanon and pleaded guilty. The case was continued until August 10. On that day he appeared with an attorney and asked permission to withdraw his plea of guilty, and enter a plea of not guilty. This the court refused. The case was again continued until August 17. The application to withdraw the plea of guilty and enter a plea of not guilty was renewed. On that day, the court sentenced him to pay a fine of $1000 and costs, and to stand committed until they were paid.

This proceeding in error is prosecuted to reverse that judgment.

It is claimed that the mayor of the village of Lebanon lost jurisdiction of the case by reason of the provisions of Section 10378, General Code. That section provides for procedure in the trial of cases before a justice. This applies to the mayors of villages. However, in this case no trial was had. He was arraigned and pleaded guilty. If that section did apply, the justice could not continue the case for any length of time. The section provides that judgments must be entered immediately after the close of the trial, if the defendant has been arrested, or his property attached. So that the four-days provision would not be applicable.

As to whether or not the justice abused his discretion in refusing to allow the defendant to withdraw his plea of guilty and enter a plea of not

guilty cannot be determined in this action. The record is silent as to any facts surrounding the arrest, or touching the guilt or innocence of the defendant in reference to the violation charged.

Sentence was pronounced as follows:

"The Court orders that said defendant, Lester J. Mulford, on his plea of guilty pay a fine of $1000 and the costs of this action, and that he be committed to the jail of Warren County until said fine and costs are paid, unless sooner discharged according to law."

This sentence does not conform to Section 13717, General Code. That section provides that in case of commitment the prisoner shall be given a credit of sixty cents per day. This requirement of the statute is omitted, and the sentence is therefore erroneous. *Hamilton* v. *State,* and *Clarke* v. *State,* 78 Ohio St., 76.

The judgment will, therefore, be reversed, and the cause remanded for re-sentence according to law.

*Judgment reversed, and cause remanded.*

CUSHING and BUCHWALTER, JJ., concur.
HAMILTON, P. J., not participating.